GEORGE M. SHERMAN *v.* GEORGE ELDER, WILLIAM R. PAINTER and CHARLES F. LINEBACK.

In an action to recover damages for the conversion of personal property by the assignee of the original owner, the complaint must either show an assignment to the plaintiff of the original owner's claim for damages, or an assignment of the property and a demand thereof by the plaintiff subsequent to the assignment.

The wife having, subsequent to her marriage, permitted her sole and separate property to be transferred to the custody of her husband, and used in a business carried on by the two, whether she will not be held to have appropriated it to the use of her husband, and rendered it liable to the claims of his creditors—*quœre?*

The sheriff having, in such a case, levied on a stock of goods purchased with the income of such a business, and the wife having interposed only a general claim to the entire stock, whether she will not be afterwards estopped from claiming a few specific articles, upon the ground that they were hers at the time of her marriage, no such claim having been made at the time of the levy—*quœre?*

Whether a wife can, without the concurrence of her husband, assign a claim for damages for a *tort*—*quœre?*

APPEAL by defendants from a judgment entered on the report of a referee. This action was brought to recover damages for the conversion of personal property. The complaint averred the taking and carrying away, by the defendants, of certain personal property belonging to one Lucy Sherwood, and that prior to the commencement of the action she sold the property so taken to the plaintiff. It neither averred a demand subsequent to that assignment by the plaintiff on the defendant, nor did it aver that she had assigned to the plaintiff her claim for damages against the defendant. The defendants justified under an execution issued against one Daniel Sherwood, Lucy Sherwood's husband. The value of the articles claimed was about seventeen hundred dollars.

Upon the trial it appeared that Lucy Sherwood, prior to and at the time of her marriage to Daniel Sherwood, was keeping a grocery store on the corner of Hudson and Charles streets, New York city, the contents of which were her sole and separate property. In January, 1850, she married Daniel Sherwood, and

changed the sign, putting up the name of L. Sherwood over the door. The two continued to carry on the business together, the goods being purchased from the income of the store. In September, 1853, Daniel Sherwood confessed judgment to the defendants, Elder and Painter, for goods furnished to the store. Under this judgment an execution was levied by the defendant Lineback, a deputy sheriff, on the contents of the store. It was for the sale under this execution that this action was brought by the plaintiff, as the assignee of Lucy Sherwood. The referee found that a few of the articles levied upon, in value $66, were the separate property of Lucy Sherwood, being specific articles which belonged to her at the time of her marriage. As to the rest, he found that they had been purchased since the marriage from the income of the store.

It appeared that at the time of the levy the sheriff was notified that Lucy Sherwood claimed the entire stock of goods, but it did not appear that he was informed that any portion of them had belonged, in specie, to her prior to the marriage; or that the articles which so belonged to her were distinguished in any way from the rest.

Upon the trial the defendants moved for a dismissal of the complaint for insufficiency of proof, which was denied. The referee reported in favor of the plaintiff for the sum of $66, and from the judgment entered on that report the defendants appealed.

*Richard M. Harrington,* for the appellants. I. The referee should have dismissed the complaint. 1. There was no evidence of any demand by the plaintiff after the assignment to him. *Sherman* v. *Wells,* 18 Barb. S. C. R. 500; *Hall* v. *Robinson,* 2 Com. 293; *Robinson* v. *Weeks,* 6 How. Pr. R. 161; *Cass* v. *N. Y. & H. R. R. Co.,* 1 E. D. Smith's C. P. R. 522; *Howell* v. *Kruen,* C. P. Ms., Woodruff, J.; *The People* v. *Tioga C. P.,* 19 Wend. 73; *Gordon* v. *Adams,* 12 Wend. 297. 2. There was no evidence as to the value of the articles.

II. The business carried on was, in law, the business of the husband. *Lovett* v. *Robinson,* 7 How. Pr. R. 105; *Van Sickel* v.

*Van Sickel,* 8 How. Pr. R. 268; *Russell* v. *Gibson,* 8 ibid. 456; *Howland* v. *Fort Edward Co.,* 8 ibid. 505; *Martin* v. *Martin,* 1 Com. 473. And the wife having made an appointment of this property to the business, or to her husband, she surrendered her prior title to them, and left nothing to pass by her pretended assignment to the plaintiff. *Vanderhyden* v. *Mallery,* 1 Com. 452; *Merritt* v. *Johnson,* 7 Johns. 473; *Gregory* v. *Stryker,* 2 Denio, 628; *Andrews* v. *Durant,* 1 Kern. 35.

*W. H. Bell,* for the respondents.

INGRAHAM, FIRST JUDGE.—The defendant moved for a dismissal of the complaint for insufficiency of proof. On his points he states that there was no evidence of demand by the plaintiff after the assignment to him, and that there was no direct evidence of value.

The complaint is simply a claim for damages for taking property of Lucy Sherwood, while it only avers an assignment by Lucy Sherwood to the plaintiff of the articles so taken. It sets up no assignment of a claim for damages for the taking.

Under this complaint there could be no recovery for any trespass, except for that while Lucy Sherwood owned the property, and no such claim is assigned according to the pleadings. The objection was a much broader one than stated by the defendant's counsel, for no cause of action was shown by the complaint to exist in Sherman. It neither averred an assignment by Lucy Sherwood of any claim for damages for the taking nor a demand of the property for the plaintiff after the assignment; one of which was necessary to give the plaintiff a cause of action. The proof, therefore, of the plaintiff's claim was insufficient when the motion was made. The Court of Appeals have lately held that a claim for damages for taking personal property is assignable. *McKee* v. *Judd,* 2 Kernan, 622. In that case the complaint averred that the claim and demand for taking the property was assigned to the plaintiff, and not the title to the property merely.

For this reason we think the case must go back to the referee. If the plaintiff sees fit to move for an amendment of the pleadings, the objection may be remedied ; but as the complaint now stands there can be no recovery in the plaintiff's favor.

A more serious objection exists to any recovery in this case. After the wife's marriage, she permitted this property to be transferred to the custody of the husband—the business to be carried on generally by him, and in his name, and the moneys used at his pleasure in renewing the stock from time to time. She may be considered as having appropriated this property to the use of the husband, and thereby exposed it to the claims of his creditors. She was present when her husband stated it had all been put in his possession by her as a part of the general stock, and did not dissent therefrom.

She should have made a specific claim for these articles, instead of claiming the whole stock, and more particularly so when the sheriff told her he did not wish to levy upon anything she had when she married. She did not specify anything, but claimed the whole. Under the circumstances, it may well be said that she was estopped from afterwards setting up this claim.

I make these remarks rather as suggesting them for the consideration of the referee, if the case shall again be brought to a hearing, than as necessary at the present time to the decision of this appeal.

There is also a difficulty as to the propriety of the assignment, by the wife, of this claim, without her husband. That a wife could not assign such a claim at common law without the privity and concurrence of her husband is undoubted, although courts of equity will sustain such conveyances when her intention so to do is made apparent. Whether this rule can be extended to a claim for damages for a tort, is a question not free from difficulty.

The report must be set aside, and cause referred back to the referee. Costs to abide the event.